New Jersey Department of Labor,
Workmen's Compensation Bureau.

JULIA PLASKON SIBERRY, PETITIONER, v. NATIONAL
SULPHUR COMPANY, RESPONDENT.

Decided June 12, 1936.

For the petitioner, *John C. Grimshaw.*

For the respondent, *Coult, Satz & Tomlinson* (by *John J. Francis*).

\*   \*   \*   \*   \*   \*   \*

Case *sub judice* came before the workmen's compensation bureau by order of Honorable Judge Thomas Brown of the Hudson County Court of Common Pleas, who reversed finding of said bureau in connection with new petition filed March 23d, 1935, to which petition an answer was filed May 14th, 1935.

In ruling upon motion for dismissal of said petition upon grounds of statute of limitation I held that owing to action of this bureau originally when petition was dismissed as well as subsequent action of Court of Errors and Appeals the filing of Forms 1, 2 and 3 were not mandatory.

The Honorable Judge Brown, in his judgment of reversal and remand, holds that "petitioner's claim has never been adjudicated upon the merits. Petitioner is entitled to have her day in court. \* \* \* the matter is remanded to the bureau for a hearing on the merits."

In view of this order in my opinion I can only consider the testimony as presented. The legal question involved

having been disposed of by a superior court cannot again be considered by me.

I have carefully reviewed the testimony upon which Deputy Commissioner Corbin predicated his award of October 25th, 1932. I have further considered the additional testimony produced before me at the various hearings held. In some instances it was stipulated as to witnesses not produced that their testimony would be the same as that contained in the state of case furnished me. Witnesses were produced who testified as to the custom of employes working for respondent and procedure followed in obtaining borax mud.

I must admit that there is some discrepancy in the testimony of one Owen O'Neill as to his testimony before Deputy Commissioner Corbin and that contained in the depositions taken in New York before a notary public.

Deputy Commissioner Corbin held after reviewing the testimony that petitioner had sustained the burden of making out a *prima facie* case and that decedent's death was the result of an accident arising out of and in the course of his employment.

Petitioner's case as presented before me was even stronger than when presented before Deputy Commissioner Corbin and my findings must reasonably be the same, viz.: That petitioner has sustained the burden of proving that deceased died as the result of an accident arising out of and in the course of his employment.